UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ANTOINE MARTWAIN HILL-EL,
*also known as Antoine Martwain Hill*,
*also known as Antoine M. Hill*,

    Petitioner,

    v.

CALVIN JOHNSON,

    Respondent.

Civil Action No. TDC-18-1654

**MEMORANDUM OPINION**

    Petitioner Antoine Martwain Hill-El, a District of Columbia prisoner confined at the United States Penitentiary-Pollock ("USP-Pollock") in Pollock, Louisiana, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he collaterally attacks his 2005 conviction for robbery in the Circuit Court for Montgomery County, Maryland. In the Petition, Hill-El argues generally that the court lacked jurisdiction over his person because Moorish Americans have not agreed to submit to the jurisdiction of the United States government, and specifically that his conviction and sentence violated various provisions of the United States Constitution, including the Thirteenth Amendment's prohibition on slavery and involuntary servitude, the provision in Article VI that debts contracted before the adoption of the Constitution remain valid, the Tenth Amendment, and "natural rights" within the Bill of Rights. Am. Pet. at 5, ECF No. 6. Respondent has filed an Answer asserting that the Petition should be dismissed as time-barred or, in the alternative, that the asserted claims fail on either procedural or substantive grounds. Pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), Hill-El was afforded an opportunity to explain

why the Petition should not be dismissed as time-barred, and he submitted a Reply to the Answer. Upon review of the submitted materials, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DISMISSED as time-barred.

## BACKGROUND

On March 31, 2005, Hill-El was indicted in the Circuit Court for Montgomery County ("the Circuit Court") on charges of robbery and burglary. On September 6, 2005, Hill-El entered a guilty plea on the robbery charge, and the court sentenced him to five years of imprisonment with all but 18 months suspended, followed by three years of probation. Hill-El did not file an application for leave to appeal, but on November 8, 2005, he filed a motion for reconsideration of the sentence pursuant to Maryland Rule 4-345(e), which was held in abeyance by the court. The motion for reconsideration was denied on October 2, 2012.

On January 23, 2009, the Circuit Court issued a bench warrant after receiving a report that Hill-El had violated the terms of his probation. The warrant was issued based on the facts that on July 18, 2008, Hill-El was found guilty in the Superior Court for the District of Columbia of assault and contempt, and that on December 30, 2008, Hill-El was charged in the same court with second-degree murder while armed. Hill-El was later convicted in federal court of second-degree murder and is incarcerated at USP-Pollock, a Federal Bureau of Prisons facility, with a current release date of January 15, 2029. A detainer remains pending against Hill-El based on the bench warrant for a violation of probation arising from the robbery conviction in the Circuit Court ("the Maryland warrant").

On December 5, 2017, Hill-El filed a state petition for a writ of habeas corpus in the Circuit Court seeking dismissal of his robbery conviction because the court lacked personal and subject

matter jurisdiction. [ECF No. 9-1 at 23.] On January 26, 2018, the court denied the petition because Hill-El had "not asserted any discernible legal basis for which relief can be granted." State Record at 23, ECF No. 9-1.

On February 1, 2018, Hill-El filed a letter with the Circuit Court requesting, pursuant to the Interstate Agreement on Detainers ("IAD"), that he be brought to court on the Maryland warrant, or that the warrant be dismissed. On May 22, 2018, Hill-El's request for disposition of the warrant was denied on the ground that the IAD does not apply to warrants for violations of probation. The Maryland warrant remains in effect, and the detainer remains lodged against him.

## DISCUSSION

In the Answer, Respondent asserts that the Petition should be dismissed as time-barred because it was filed beyond the one-year limitations period of 28 U.S.C. § 2244(d). Respondent also asserts procedural and substantive reasons that Hill-El's arguments in his Petition must fail. Because the Court concludes that the Petition is time-barred, it need not and does not address the remaining arguments.

**I.      Legal Standard**

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2018). A one-year limitations period applies to federal habeas petitions in non-capital cases filed by a person convicted in state court. *Id.* § 2244(d). Specifically:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(l). This one-year period, however, is tolled while properly filed state post-conviction petitions are pending. *Id.* § 2244(d)(2).

## II.     Timeliness

A review of the procedural history reveals that the one-year period elapsed prior to the filing of the Petition. Hill-El's conviction became final on November 11, 2012, at the expiration of the time to appeal the trial court's October 12, 2012 denial of his motion for reconsideration. *See Mitchell v. Green*, 922 F.3d 187, 198 (4th Cir. 2019) (holding that a motion filed pursuant to Md. Rule 4-345 tolls the one-year limitations period under 28 U.S.C. § 2244(d)(2)). Where Hill-El did filed a direct appeal of either his conviction or that denial, the one-year limitations period for seeking federal habeas relief expired on November 11, 2013, several years before Hill-El filed his state petition on December 5, 2017, and more than four years before Hill-El filed the present Petition on May 11, 2018. The Petition is therefore time-barred.

## III.    Equitable Tolling and Exceptions

A federal habeas petitioner may be entitled to equitable tolling upon a showing that (1) the petitioner has been pursuing rights diligently; and (2) some extraordinary circumstance stood in the way to prevent timely filing. *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013). Hill-El has

made no such showing. The limitations period may also be excused if the failure to consider the petition would cause a fundamental miscarriage of justice. *Id.* at 397. Pursuant to this exception, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *Id.* Such a showing could be made upon presentation of "new evidence" showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

In support of his Petition, Hill-El has submitted an "Affidavit of Truth of Actual Innocence" and a "Petition of Right." ECF Nos. 13-15. These filings, however, provide no persuasive evidence of actual innocence. Rather, these filings focus on legal arguments that because Hill-El identifies himself as a Moorish American, the Circuit Court lacked jurisdiction over him. These arguments include the claim that a 1787 treaty between the United States and Morocco bars trials of Moors in the United States, that state courts cannot exercise jurisdiction over him for the purpose of a criminal prosecution because they are not Article III federal courts; and that a state may not force United States citizenship upon him as a descendant of the Moorish Empire. Based on this set of beliefs, Hill-El concludes that his conviction is "null and void." Decl. of Right at 3, ECF No. 15.

Upon review of Hill-El's arguments, the Court finds that they provide no basis to support a claim of actual innocence and are meritless. Indeed, such claims are routinely rejected by federal courts. *See, e.g.*, *United States v. White*, 480 F. App'x 193, 194 (4th Cir. 2012) (rejecting a claim that a federal court lacked jurisdiction over a Moorish American because "[n]either the citizenship nor the heritage of a defendant constitutes a key ingredient to a . . . court's jurisdiction in criminal prosecutions"); *El v. Mayor New York*, No. 13–CV–4079 (SLT) (CLP), 2014 WL 4954476, at *5

(E.D. N.Y. Sept. 30, 2014) (stating that the "argument that a person is entitled to ignore the laws of [a state] by claiming membership in the Moorish–American nation is without merit"); *Bond v. N.C. Dep't of Corr.*, No. 3:14–cv–379–FDW, 2014 WL 5509057, at *1 (W.D. N.C. Oct. 31, 2014) (stating that "courts have repeatedly rejected arguments . . . by individuals who claim that they are not subject to the laws of the . . . individual States by virtue of their 'Moorish American' citizenship"). Where Hill-El has provided no facts to support a plausible claim of actual innocence, the Petition must be dismissed as untimely.

## IV.   Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Hill-El must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Hill-El's claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that he has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Hill-El may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b).

## CONCLUSION

For the foregoing reasons, the Petition will be DISMISSED as time-barred. The Court declines to issue a certificate of appealability. A separate Order shall issue.


Date:  October 14, 2020           /s/ *Theodore D. Chuang*
      THEODORE D. CHUANG
      United States District Judge